# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MATTHEW BURNETT, on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>ROBERT BOSCH LLC, USA, ROBERT BOSCH GmbH,<br><br>Defendants. | Civil Action No._____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>8:14 cv 1361 T 33 MAP |

## NATURE OF THE ACTION

1.      Plaintiff Matthew Burnett ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon personal knowledge as to his own acts and, as to all other allegations, upon information and belief, and upon investigation by counsel.  Mr. Burnett conducted substantial testing and investigation prior to filing his complaint.

2.      Plaintiff brings this class action on behalf of himself and a class of persons who purchased Bosch Platinum Series Spark Plugs ("Spark Plugs") from June 6, 2010 to the present (the "Class").

3.      Together, Robert Bosch GmbH and Robert Bosch LLC, USA (collectively "Defendants" or "Bosch") manufacture, market and sell the Spark Plugs.  The Spark Plugs are marketed as having a platinum center electrode and are sold at a substantial premium because of this attribute.

4.      However, as detailed below, the Spark Plugs do not have a platinum center electrode.  As a result, the marketing and sale of the Spark Plugs constitutes unfair and deceptive trade practices in violation of the laws of Florida, California, Illinois, Michigan, New Jersey and New York.



5.      Defendants' marketing and sales were designed to mislead and deceive consumers and therefore violate Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, ; California Business & Professional Code § 17200 *et seq.*; Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*; Michigan Consumer Protection Act, Mich. Comp. Law § 445.901 *et seq.*; New Jersey Consumer Protection Act, N.J. Stat. Ann. § 56:8-1 *et seq.*; and New York Deceptive Practices Act, N.Y. Gen. Bus. Law § 349 *et seq.*

6.      Additionally, Defendants' failure to provide the Spark Plugs as warranted violates the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

7.      As a result of their purchase of the Spark Plugs, Plaintiff and the Class were damaged, in an amount to be determined at trial, because they paid valuable consideration for a product that was not as advertised or warranted.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class members in the proposed Class, the combined claims of proposed Class members exceed $5,000,000, exclusive of interest and costs, and at least one Class member is a citizen of a state other than Defendants' state of citizenship.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted occurred in this District, and Plaintiff dealt with Defendants, who are located in and/or do business in this District.  Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendants conduct substantial business in this District, have sufficient minimum contacts with this District, and otherwise purposely avail themselves of the

markets in this District, through the promotion, sale, and marketing of their products in and from this District.

## THE PARTIES

10.     Plaintiff Matthew Burnett is a resident of Venice, Florida. During the month of May 2014, Mr. Burnett purchased multiple Bosch Platinum Series Spark Plugs in this judicial district, specifically because they were marketed as having platinum center electrodes.

11.     Mr. Burnett has an employment background in recycling and a commitment to animals. Mr. Burnett is the founder of Pans4Paws, Inc., which is a charitable organization that collects used pots, pans and other metallic objects and then sells the metal for scrap. The funds are then donated to various humane societies. This background in basic metallurgy and recycling caused Mr. Burnett to investigate the recycling ramifications of platinum center electrode spark plugs. In particular, Mr. Burnett started exploring the possibility of recycling the platinum center electrodes of Bosch Spark Plugs. Along with a mechanic shop owner in Bradenton, Florida, Mr. Burnett began opening Bosch spark plugs to explore the economic viability of scrapping spark plugs for charity. Strikingly, Mr. Burnett quickly learned that despite the marketing statements and significant premium charged for Bosch Platinum Series Spark Plugs, they do not have the platinum center electrode so heavily marketed by Defendants.

12.     Defendant Robert Bosch LLC, USA ("Bosch USA") is a Delaware corporation with its headquarters located at 38000 Hills Tech Dr., Farmington, MI 48331. Bosch USA is a wholly owned subsidiary of Robert Bosch GmbH ("Bosch Germany"). Bosch USA is the marketing and sales arm of Bosch Germany in the United States. Bosch USA markets and sells the Spark Plugs at issue in this litigation.

3

13.     Defendant Robert Bosch GmbH is a Gerlingen, Germany based multinational engineering and electronics company.  The company is large by any standard, with more than 350 subsidiaries across 60 countries, with products sold in 150 countries.  The company employs over 300,000 people.  Bosch is no stranger to the spark plug market, having eclipsed the 10 billion produced mark in 2007.  At that time, Bosch bragged that it had produced enough spark plugs that if laid end to end they would wrap around the equator 14 times.  Bosch has continued to market and sell substantial numbers of spark plugs since that time.

## FACTUAL ALLEGATIONS

**A.      Defendants Advertise the Platinum Series Spark Plugs as Having a Platinum Center Electrode**

14.     Throughout the Class Period, Defendants have manufactured, marketed and sold the Spark Plugs as having a platinum center electrode.   The Spark Plugs are distributed nationwide by Defendants directly via an online store, through numerous retailers, including "big box" retailers such as Wal-Mart, automotive stores such as AutoZone, Napa Auto Parts, and O'Reilly Auto Parts, as well as franchised and independent mechanic shops.  The inclusion and quantity of platinum are used as a means of differentiating Defendants' Spark Plugs from their competitors, and as a basis for charging a premium over competitors' products.

15.     A primary competitor for Bosch, Autolite, also sells platinum spark plugs.  Materials concerning the Autolite platinum spark plugs make clear that the only component of the spark plug that is platinum is the tip.  As the following picture, taken recently at a Wal-Mart makes clear, Bosch charges a significant premium over Autolite.   Specifically, while Autolite charges $4.97 for a two-pack of platinum spark plugs, Bosch charges $8.97.

16.     As the name would suggest, Defendants' advertising and marketing materials for the Platinum Series Spark Plugs focus on the use of platinum.  Among the marketing materials produced and distributed by Defendants is a brochure entitled, "Platinum Series Spark Plugs". *See* Exhibit A.  The brochure was on Defendants website as recently as May 23, 2014 and references a copyright date of 2010.  *Id.*  Defendants state, "Platinum makes the difference."  *Id.* Defendants further state that "Only Bosch uses a platinum center electrode that's heat-fused into a ceramic insulator."  *Id.*  Defendants also include a chart that purports to "[c]ompare Bosch Platinum Series to other spark plugs and you'll see why it's the most powerful spark plug series ever, guaranteed!" *Id.*



17.    The pictures provided on the brochure reinforce the assertions that the center electrode is all platinum.  As the picture below demonstrates, the center electrode is the same color and seemingly the same material.



18.    Further reinforcing and clarifying the location of the center electrode is the picture below, which comes directly from Defendants' website.  It shows the center electrode as the long red section running from left to center. This picture demonstrates that Defendants' own materials make clear that the center electrode is the entire center portion, not just the tip.



**B.** **Plaintiff's Investigation Reveals the Falsity of Defendants' Statements**

19.     As referenced above, Plaintiff disassembled various Platinum Series Spark Plugs in May 2014.  First, Plaintiff noticed that the coloring of the center electrode was off, and not the same color as the tip.  Next, Plaintiff determined that the substance at the center of the electrode was attracted to a magnet.  Platinum should not be attracted to a magnet.  Finally, plaintiff confirmed that the center electrode was not platinum by having acid testing conducted.  These facts, unearthed by Plaintiff's investigation, directly contradict Defendants' sales and marketing materials.

## CLASS ALLEGATIONS

20.     Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks certification of the following Class:

> All persons in the states of Florida, California, Illinois, Michigan, New Jersey and New York who purchased Bosch Platinum Series Spark Plugs, from June 6, 2010, to the present (the "State Class").

Additionally, with respect to the Magnuson-Moss Warranty Act claim, Plaintiff proposes the following class:

> All persons in the United States who have purchased Bosch Platinum Series Spark Plugs, from June 6, 2010, to the present (the "National Class").

Collectively, the State Class and National Class shall be referred to herein as the "Class" unless otherwise noted.

21.     Expressly excluded from the Class is: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants and any entity in which Defendants have a controlling interest, or which has a controlling interest in Defendants, and its legal

representatives, assigns and successors; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

22.    Plaintiff and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical. Defendants' national marketing and advertising campaigns target consumers across the country and Defendants represent that they have sold billions of their spark plugs. The precise number of Class members and their identities are unknown to Plaintiff at this time, but will be determined through discovery. Upon information and belief, Plaintiff believes that the Class numbers easily into the hundreds of thousands. Class members may be notified of the pendency of this action by mail and/or publication.

23.    This action involves questions of law and fact common to Plaintiff and all members of the Class, resolution of which will resolve the issues for all Class members. These common issues include the following:

a)    Whether Defendants' Spark Plugs actually have platinum center electrodes;

b)    Whether Defendants' sales and marketing of the Spark Plugs was fraudulent and/or deceptive;

c)    Whether Defendants violated Florida Deceptive and Unfair Trade Practices Act; and

d)    Whether Plaintiff and Class members sustained damages resulting from Defendants' conduct and, if so, the proper measure of damages, restitution, equitable, or other relief.

24.     Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class.   Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to, or which directly conflict with, the interests of the other members of the Class.

25.     Plaintiff has engaged the services of counsel who are experienced in complex class litigation, who will adequately prosecute this action, and who will assert and protect the rights of and otherwise represent Plaintiff and the absent Class members.

26.     Plaintiff's claims are typical of those of the absent Class members because Plaintiff and the Class members each sustained damages arising from Defendants' wrongful conduct, as alleged more fully herein.

27.     This action is brought under Rule 23 because Defendants have acted, or refused to act, on grounds generally applicable to all members of the Class and/or because questions of law or fact common to Class members predominate over any questions affecting only individual members.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than piecemeal individual determinations.

29.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude maintenance as a class action.

**COUNT I**
**VIOLATION OF CONSUMER PROTECTION STATUTES OF FLORIDA,**
**CALIFORNIA, ILLINOIS, MICHIGAN, NEW JERSEY AND NEW YORK**
**(On Behalf of the State Class)**

30.     Plaintiff re-alleges and incorporates paragraphs 1 through 29 as if expressly set

9

forth herein.

31.    This count is against Defendants for violation of the consumer protection laws of Florida, California, Illinois, Michigan, New Jersey and New York.

32.    Defendants misrepresented that the Spark Plugs have platinum center electrodes, when they were not made of platinum.   This constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices as prohibited by:

      a)  Florida Deceptive and Unfair Trade Practices Act § 501.201, *et seq.*;

      b)  California Business & Professional Code § 17200 *et seq.*;

      c)  Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*;

      d)  Michigan Consumer Protection Act, Mich. Comp. Law § 445.901 *et seq.*;

      e)  New Jersey Consumer Protection Act, N.J. Stat. Ann. § 56:8-1 *et seq.*; and

      f)  New York Deceptive Practices Act, N.Y. Gen. Bus. Law § 349 *et seq.*

33.    Defendants violated each of the consumer protection statutes listed above, by using deceptive trade practices in the sale of the Spark Plugs.  Plaintiff purchased the Spark Plugs because of Defendants' misrepresentations that the Spark Plugs had platinum center electrodes.

34.    Because Defendants charged a premium for the Spark Plugs based upon a purported characteristic that was false, Defendants caused Plaintiff's injury, which is quantifiable based on the premium charged for Defendants' Platinum Series Spark Plugs.

35.    On behalf of himself, and on behalf of all Class members and the public at large, Plaintiff seeks actual damages, and seeks injunctive relief preventing Defendants from further unfair trade practices.

36.     As a result of the foregoing, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendants for any and all actual and statutory damages, together with interest both prejudgment and post judgment, costs and attorney's fees and all such other and further relief as the Court may deem just and proper, and demands trial by jury on all issues triable at law by jury.

37.     Further, Plaintiff, on behalf of himself and all others similarly situated, requests an order from this Court enjoining Defendants from continuing its deceptive marketing and promotion of the Spark Plugs.

**COUNT II**
**BREACH OF STATE WARRANTY LAW**
**(On Behalf of the State Class)**

38.     Plaintiff re-alleges and incorporates paragraphs 1 through 29 as if expressly set forth herein.

39.     Plaintiff brings this claim individually and on behalf of the State Class.

40.     Plaintiff, and each member of the Class, formed a contract with Defendants at the time Plaintiff and the other Class members purchased the Spark Plugs.  The terms of that contract include the promises and affirmations of fact made by Defendants in the Spark Plugs' packaging and through marketing and advertising, as described above.  This marketing and advertising constitutes express warranties and became part of the basis of the bargain, and part of the standardized contract between Plaintiff and the members of the Class on the one hand, and Defendants on the other hand.

41.     Defendants' promises create express warranties that the Spark Plugs have the characteristics they are purported to have in the advertising, marketing materials and packaging.

42.     All conditions precedent to Defendants' liability under this contract were performed by Plaintiff and the Class when they purchased the Spark Plugs and used them as directed.

43.     Despite the express warranties that the Spark Plugs have platinum center electrodes, they do not.

44.     Plaintiff relied on Defendants' express warranties that the Spark Plugs have platinum center electrodes.

45.     Defendants breached express warranties concerning the Spark Plugs because they do not conform to Defendants' affirmations and promises, as described above.

46.     As a result of Defendants' breach of express warranty, Plaintiff and the Class were harmed in an amount to be determined.

**COUNT III**
**UNJUST ENRICHMENT**
**(On Behalf of the State Class)**

47.     Plaintiff incorporates the allegations of paragraphs 1 through 29, as though fully set forth herein.

48.     As a direct and proximate result of the misconduct set forth above, Defendants have been unjustly enriched.

49.     Through deliberate misrepresentations or omissions made in connection with the advertising, marketing, promotion, and sale of the Spark Plugs during the Class Period, Defendants reaped benefits, which resulted in their wrongful receipt of profits. Accordingly, Defendants will be unjustly enriched unless ordered to disgorge those profits for the benefit of Plaintiff and the Class.

12

## COUNT IV
## BREACH OF MAGNUSON-MOSS WARRANTY ACT
### (On Behalf of the National Class)

50.     Plaintiff incorporates the allegations of paragraphs 1 through 29, as though fully set forth herein.

51.     Plaintiff and members of the Class each purchased Spark Plugs.

52.     Plaintiff and the Class are "consumers" as defined under 15 U.S.C. § 2301(3) of the Magnuson-Moss Warranty Act ("MMWA") because they are buyers of a consumer product, the Spark Plugs.

53.     Defendants are "suppliers" and "warrantors" as defined by 15 U.S.C. § 2301(4) and (5) because they are engaged in the business of making consumer products directly and indirectly available to customers, and because Defendants give a written warranty and/or are obligated under an implied warranty.

54.     The Spark Plugs at issue are a "consumer product" as defined by 15 U.S.C. § 2301(1) because they are pieces of tangible personal property which are distributed in commerce and which are normally used for personal, family, or household purposes.

55.     One or more of the warranties given to Plaintiff by Defendants via the product packaging, the Internet, and official product brochures, constitute a "written warranty" as defined by 15 U.S.C. § 2301(6).

56.     Plaintiffs are entitled to bring this action pursuant to 15 U.S.C. § 2310(d)(1).

57.     Defendants represent and warrant, among other things, that the Spark Plugs have a platinum center electrode.  This warranty can be found on packaging, the Internet and official product brochures.

58.     However, the Spark Plugs do not have a platinum center electrode as represented.

13

59.     Plaintiff provided Defendants with notice that the Spark Plugs at issue do not conform to the standards represented and warranted to consumers. Defendants had a reasonable opportunity to correct the problem, but chose not to take corrective action.

60.     Defendants have been unwilling to correct their false statements and make restitution or to reimburse the Class for the false representations concerning the Spark Plugs.

61.     Plaintiffs have suffered damages as a direct and proximate result of Defendants' breach of warranty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

A.     An order certifying the nationwide Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class members;

B.     An order declaring that the acts and practices of Defendants violate:

    i.     Florida Deceptive and Unfair Trade Practices Act § 501.201, *et seq.*;

    ii.     California Business & Professional Code § 17200 *et seq.*;

    iii.     Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*;

    iv.     Michigan Consumer Protection Act, Mich. Comp. Law § 445.901 *et seq.*;

    v.     New Jersey Consumer Protection Act, N.J. Stat. Ann. § 56:8-1 *et seq.*; and

    vi.     New York Deceptive Practices Act, N.Y. Gen. Bus. Law § 349 *et seq.*

C.     For damages pursuant to all applicable laws in an amount to be determined at trial, including interest;

D.     For restitution of monies wrongfully obtained and/or disgorgement of ill-gotten revenues and/or profits;

E.     A permanent injunction enjoining Defendants from continuing to harm Plaintiff and the members of the Class and continuing to violate the law referenced herein;

F.     An order requiring Defendants to adopt and enforce a policy that requires appropriate removal of misleading claims, which complies with law;

G.     Reasonable attorneys' fees and the costs of the suit; and

H.     Such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: June 6, 2014.

**VARNELL & WARWICK, P.A.**

By:   /s/ Brian W. Warwick
       Brian W. Warwick, Fla. Bar No.: 605573
       Janet R. Varnell, Fla. Bar No.: 71072
       Steven T. Simmons, Jr., Fla. Bar No.: 91654
       P.O. Box 1870
       Lady Lake, FL 32158
       Tel: (352) 753-8600
       Fax: (352) 504-3301
       Email: bwarwick@varnellandwarwick.com
              jvarnell@varnellandwarwick.com
              ssimmons@varnellandwarwick.com

Charles J. LaDuca (Pro Hac Vice, TBD)
**CUNEO GILBERT & LADUCA, LLP**
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Tel: (202) 789-3960
Fax: (202) 789-1813 (fax)
Email: charlesl@cuneolaw.com

William H. Anderson (Pro Hac Vice, TBD)
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, NE
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813
Email: wanderson@cuneolaw.com

16

**You'll feel the difference with all Bosch Platinum Series Spark Plugs, guaranteed!**

Bosch guarantees that you will feel the improved performance in your vehicle when you use Bosch Platinum+4, Bosch Platinum+2 or Bosch Platinum Plus. If you do not experience quicker starts, smoother acceleration and improved fuel efficiency, return the plugs with your dated sales receipt, and Bosch will refund the purchase price of the spark plugs.

**Platinum makes the difference.**

Only Bosch uses a platinum center electrode that's heat-fused into a ceramic insulator. All Bosch Platinum Series Spark Plugs reach self-cleaning temperature faster for quicker starts, smoother acceleration and increased fuel efficiency.

Try the top-of-the-line Bosch Platinum+4, Bosch Platinum+2 or Bosch Platinum Plus, and ignite your vehicle's performance with the most advanced and most powerful line of spark plugs available.



## Platinum Series
Spark Plugs



**BOSCH**
Invented for life

Compare Bosch Platinum Series to other spark plugs and you'll see why it's the most powerful spark plug series ever, guaranteed!

| | Bosch Platinum+4 | Bosch Platinum+2 | Bosch Platinum Plus | AC Rapidfire | Autolite Double Platinum | Champion Double Platinum | NGK Iridium IX | Ceramic Ultra Power |
|---|---|---|---|---|---|---|---|---|
| Heat-fused Platinum Center Electrode | • | • | • | | | | | |
| Never Requires Gapping | • | • | | | | | | |
| Multiple Spark Paths | • | • | | | | | | |
| Surface Air Gap | • | • | | | | | | |



Bosch is a trademark licensed by Robert Bosch GmbH and its affiliated entities.
© 2010 Robert Bosch LLC, USA. All rights reserved.

Bosch
**Performance**

www.boschautoparts.com

**BOSCH**
Invented for life



**EXHIBIT A**





# The Most Powerful Spark Plug Series Ever...Guaranteed!

**Four ground electrodes, the most platinum and the most powerful spark.**

Bosch Platinum+4 has the most platinum and delivers smoother acceleration, top fuel economy and ultimate engine performance.

Revolutionary Surface Air Gap Technology — *four* yttrium enhanced ground electrodes and a *45% longer, more powerful spark** for the most efficient combustion, *plus* a longer performance life.

Never Requires Gapping — the electrode gap is factory-set and never requires adjustment.

*versus common J gap design with 1.1 mm gap.*

**Two ground electrodes, more platinum and a more powerful spark.**

Bosch Platinum+2 has more platinum in the center electrode versus Bosch Platinum Plus and delivers optimum engine performance, smoother acceleration and better gas mileage.

Revolutionary Surface Air Gap Technology — *two* yttrium enhanced ground electrodes, and a *45% longer, more powerful spark.**

Never Requires Gapping — the electrode gap is factory-set and never requires adjustment.

*versus common J gap design with 1.1 mm gap.*

**Bosch exclusive platinum technology for premium performance.**

Bosch Platinum Plus combines a platinum center electrode, plus a tapered, yttrium enhanced ground electrode for quicker starts, smoother acceleration, increased fuel efficiency, and a *25% longer performance life.**

Lower Ignition Voltage Requirement — reliable starting and a more reliable spark without misfires.

Factory Set Gap — once the proper gap is set, there's no need to re-gap.

*versus original Bosch Platinum.*





Smoother acceleration, top fuel economy and ultimate engine performance.




Optimum engine performance, smoother acceleration and better gas mileage.




Quicker starts, smoother acceleration and increased fuel efficiency.

**BOSCH** PLATINUM ④

**BOSCH** PLATINUM ②

**BOSCH** PLATINUM PLUS